**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VICTORIA A. MCGEHEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:26-cv-00345-MTS |
| | ) | |
| SYNCHRONY BANK, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter is before the Court on review of *pro se* Plaintiff Victoria McGehee's

Motion to Vacate an Arbitration Award. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94

(2010) ("Courts have an independent obligation to determine whether subject-matter

jurisdiction exists, even when no party challenges it."); *see also Calhoun v. United States*,

98 F. App'x 840, 842 (Fed. Cir. 2004) (per curiam) (noting *pro se* litigants are not

excused from "the burden of establishing subject matter jurisdiction"). Plaintiff

previously filed a nearly identical matter that this Court dismissed for lack of subject-

matter jurisdiction for the reasons explained in its Memorandum Opinion. *See McGehee*

*v. Synchrony Bank*, 4:25-cv-0933-MTS, 2025 WL 3525275, at *1–2 (E.D. Mo. Dec. 9,

2025). Plaintiff did not appeal that dismissal. *See Kowalski v. Boliker*, 893 F.3d 987,

994–95 (7th Cir. 2018) (noting that a dismissal for want of subject-matter jurisdiction is

appealable).

In this new matter, Plaintiff once again incorrectly asserts that the Court has

subject-matter jurisdiction under the Federal Arbitration Act. Doc. [1] at 2; *see also* 9

U.S.C. §§ 1–16.  *But see Hursh v. DST Sys., Inc.*, 54 F.4th 561, 563 (8th Cir. 2022) ("The FAA 'bestow[s] no federal jurisdiction.'").  This time, though, Plaintiff also adds that, in the arbitral process, there were "violations" of her "constitutional rights under the **Due Process Clause of the Fifth Amendment**."  Doc. [1] at 2.  This addition of federal-law buzzwords is not sufficient to provide the Court subject-matter jurisdiction.  *See Biscanin v. Merrill Lynch & Co.*, 407 F.3d 905, 907 (8th Cir. 2005) ("If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate."); *Stanturf v. Sipes*, 335 F.2d 224, 229 (8th Cir. 1964) (explaining that "the mere assertion of a constitutional right does not confer federal jurisdiction").

"A due process violation must of course have a state action component."  *Sanders v. Sullivan*, 863 F.2d 218, 224 (2d Cir. 1988); *accord Waters v. City of Morristown*, 242 F.3d 353, 359 (6th Cir. 2001) (explaining that, in the context of due process claims, the state-action issue is "a threshold matter"); *Mountain States Nat. Gas Corp. v. Petroleum Corp. of Tex.*, 693 F.2d 1015, 1020 (10th Cir. 1982) ("To maintain an action for denial of due process, a party must demonstrate initially that 'state action' is involved.").  Plaintiff's pleading identifies no action or omission by a state actor and makes no attempt to allege a nexus—let alone a close nexus—between any private actor and the state.  Accordingly, it fails to establish this Court's subject-matter jurisdiction.  *See Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 139 (2d Cir. 2002) (finding district court did not err in determining that plaintiff's due process argument failed to confer jurisdiction over plaintiff's action to vacate an arbitration award).

Prior to dismissal, though, the Court will provide Plaintiff with an opportunity to explain how this Court has subject-matter jurisdiction to hear this matter. *See Neiderhiser v. Borough of Berwick*, 840 F.2d 213, 216 n.6 (3d Cir. 1988). No later than **Thursday**, **March 26, 2026**, Plaintiff shall show cause why this action should not be dismissed for lack of subject-matter jurisdiction. She must cite appropriate law and authority that demonstrate that this Court has subject-matter jurisdiction over this matter.[*] If Plaintiff fails to properly do so, the Court will dismiss this action. *See* Fed. R. Civ. P. 12(h)(3). Alternatively, Plaintiff may voluntarily dismiss this matter without prejudice. *See* Fed. R. Civ. P. 41(a)(1)(A)(i).

So **ORDERED** this 19th day of March 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[*] Plaintiff is reminded that, when she submits filings to the Court, she certifies that the legal contentions therein are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law." Fed. R. Civ. P. 11(b)(2). Rule 11 also prohibits presenting a filing "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." *Id.* at 11(b)(1). And Rule 11, by its own terms, applies to an "unrepresented party." *Id.* at 11(b). Thus, though Plaintiff is *pro se*, she still may be sanctioned as Rule 11 provides. *See Ferguson v. Comm'r of Tax & Fin.*, 739 F. App'x 19, 22 (2d Cir. 2018); *Nelson v. Comm'r of I.R.S.*, 540 F. App'x 924, 926 (11th Cir. 2013) (per curiam) ("[W]e have imposed sanctions, even against *pro se* litigants, for maintaining such frivolous arguments after being warned that the arguments are frivolous.").