**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| VICTORIA A. MCGEHEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:26-cv-00345-MTS |
| | ) | |
| SYNCHRONY BANK, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff seeks vacatur of an arbitral award entered against her and in favor of Synchrony Bank.  She previously filed a nearly identical matter that the Court dismissed for lack of subject-matter jurisdiction.  *See McGehee v. Synchrony Bank*, 4:25-cv-0933-MTS, 2025 WL 3525275, at *1–2 (E.D. Mo. Dec. 9, 2025).  There, the Court explained that there was no federal question jurisdiction since the Federal Arbitration Act bestows none, and the Court explained that there was no diversity jurisdiction since the amount in controversy was not met.  *Id.*; *see also* 28 U.S.C. §§ 1331, 1332(a).  Plaintiff did not appeal that dismissal.  Instead, she filed the instant matter, this time arguing that there was federal question jurisdiction because there were "violations" of her "constitutional rights under the **Due Process Clause of the Fifth Amendment**."  Doc. [1] at 2.

The Court *sua sponte* issued a show-cause order explaining that Plaintiff failed to establish federal question jurisdiction.  Doc. [6] (2026 WL 775887).  The Court ordered Plaintiff to show cause why it should not therefore dismiss this matter without prejudice

for lack of subject-matter jurisdiction.  *Id.*  Plaintiff filed her response, Doc. [7], but it misses the mark.

Plaintiff's response all but abandoned her assertion that there was federal question jurisdiction.  Instead, for the first time, Plaintiff asserted that there is diversity jurisdiction since the amount in controversy is met.[*]  *Compare* Doc. [1] at 2 ("[T]he $75,000 amount-in-controversy requirement under 28 U.S.C. § 1332 does not apply."), *with* Doc. [7] at 2 ("The total pecuniary value at stake to Petitioner exceeds $75,000[.]").  She conjured an amount in controversy above $75,000 seemingly by pulling numbers from thin air, numbers derived from facts that appear nowhere in her initial filing.

The arbitration award here involved money Plaintiff owed to Synchrony Bank from a loan she apparently used to purchase new windows and doors for her home, a purchase with which she ended up being dissatisfied.  She ties the knock-on effects of those disappointing renovations to the amount in controversy for this arbitral matter over the loan itself.  *See, e.g.*, Doc. [7] at 2 (explaining that she has faced $10,850.00 in costs "representing increased heating and cooling costs over time due to non–energy-efficient windows").  But these alleged expenses, which are not even included in her initial filing, have no bearing on the amount in controversy in this arbitration award.  *See McGehee*, 2025 WL 3525275, at *1 (citing *Pershing, L.L.C. v. Kiebach*, 819 F.3d 179, 182 (5th Cir. 2016)); *Karsner v. Lothian*, 532 F.3d 876, 882 (D.C. Cir. 2008) (discussing the "three different approaches" used by the courts of appeals to determine the amount in controversy for a matter under the Federal Arbitration Act).

---

[*] The parties appear to be of completely diverse citizenship.

- 3 -

\* \* \*

Because Plaintiff has not shown that the Court has subject-matter jurisdiction over this matter, the Court will enter herewith an Order of Dismissal, which will dismiss this action without prejudice.

Dated this 31st day of March 2026.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE